IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| State of Ohio, Bureau of Workers' Compensation, | : | |
| | : | Civil Action 2:05-cv-509 |
| Plaintiff | : | |
| v. | : | |
| | : | Magistrate Judge Abel |
| Drackett, Inc, *et al.*, | : | |
| Defendant | | |

# ORDER

This matter is before the Court[1] on plaintiff State of Ohio, Bureau of Workers' Compensation ("BWC") June 17, 2005 motion to remand (doc. 3).  BWC filed this action to recover monies expended by the Disabled Workers' Relief Fund ("DWRF") and to recover self-insured assessments pursuant to Ohio Administrative Code § 4123-17-32 and Ohio Revised Code § 4123.35(J).

Background. The complaint alleges that Drackett, Inc. ("Drackett") and Drackett Company ("Drackett Co.") were self-insured employers under Ohio's workers' compensation laws when they were acquired by S.C. Johnson & Son, Inc.

---

[1]Under the provisions of 28 U.S.C. § 636(c), the parties have consented to the disposition of this case by the Magistrate Judge.

1

("S.C. Johnson") in 1993. Compl. ¶¶ 9&11. The complaint alleges that BWC made DWRF payments to injured workers of Drackett and Drackett Co. Under Ohio's workers' compensation laws Drackett and Drackett Co., as self-insured employers, are required to reimburse BWC for the DWRF payments. BWC is also seeking to collect from S.C. Johnson on guaranties issued in favor of BWC for the self-insured obligations of Drackett and Drackett Co.

Arguments of the Parties. BWC argues that this case is not removable based on 28 U.S.C. § 1445(c), which states that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). BWC maintains that the unsatisfied obligations in this case rise under Ohio's workers' compensation laws, and as a result this case is not removable.

BWC argues that even if the Court finds that 28 U.S.C. § 1445(c) is not applicable, removal was not proper because there is not complete diversity of citizenship as required 28 U.S.C. § 1441(b). Drackett Co. is a dissolved Delaware corporation that had its principal place of business in Ohio, which, according to plaintiff, destroys diversity. A corporation is deemed to be a citizen of any state where it has been incorporated and the state where it has its principal place of business. BWC contends that Drackett Co.'s principal place of business is Ohio.

Defendants S.C. Johnson, Drackett, and Drackett Co. argue that removal is proper because there is complete diversity of citizenship and 28 U.S.C. § 1445(c) does

2

not apply to this case.  Defendants maintain that 28 U.S.C. § 1445(c)'s prohibition against removal only applies to those cases that related to workers' compensation benefits, and this case involves DWRF benefits, which are separate and distinct from workers' compensation benefits.  Defendants contend that the statute creating DWRF does not provide the mechanism nor the remedy for this type of suit, and the actual basis for the suit is a contractual guarantee.

Defendants also argue that complete diversity of citizenship is present because Drackett, Inc. merged out of existence with a foreign corporation.  Although Drackett, Inc. was an Ohio corporation, there are no existing Ohio corporations named as a defendant in this suit.  Defendants assert that a domestic corporation that merges with a foreign corporation remains a foreign corporation for diversity purposes.

Discussion.  A civil action arising under the workers' compensation laws of a State cannot be removed to federal district court. 28 U.S.C. § 1445(c).  To interpret the terms "arising under" and "workmen's compensation laws," the Court applies federal law criteria. *Harper v. AutoAlliance Intern., Inc.*, 392 F.3d 195, 202 (6th Cir. 2004) (citing *Grubbs v. General Elec. Credit Corp.*, 405 U.S. 699, 705 (1972)).  According to the Sixth Circuit, "[a] civil action arises under a state workmen's compensation law when either (1) the workmen's compensation law created the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of workmen's compensation law." *Harper*, 392 F.3d at 203.

The Ohio General Assembly created the DWRF pursuant to legislation enacted in 1953.  *Goodyear Tire & Rubber Co. v. The Ohio Bureau of Workers' Compensation*, No. 98AP-1153, 1999 Ohio App. Lexis 4494, at * 1 (10th Dist. September 28, 1999).   DWRF payments are made to persons who are permanently and totally disabled as a result of an occupational injury or disease when their combined workers' compensation and Social Security disability benefits fall below a specified monthly amount.  *Id*. Section 4123.411(c)of the Ohio Revised Code provides the funding mechanism for DWRF and states that with respect to self-insuring employers:

> For a self-insuring employer, the bureau of workers' compensation shall pay to employees who are participants regardless of the date of injury, any amounts due to the participants under section 4123.414 of the Revised Code and shall bill the self-insuring employer, semiannually, for all amounts paid to a participant.

Oh. Rev. Code  § 4123.411(c).

Plaintiff seeks to recover the cost of those DWRF benefits it paid to defendants' employees of Drackett and Drackett Co. and guaranteed by S.C. Johnson.  Defendants argue that because DWRF is "a fund separate and distinct from the workers' compensation state insurance fund," section 1445(c) does not apply.  *The Industrial Commission of Ohio v. Dayton Walther Corp*., No. 97APE06-746, 1998 Ohio App. LEXIS 1871, at *30 (10th Dist. April 30, 1998). However, DWRF was established for those persons who are permanently and totally disabled as a result of injury or disease sustained in the course of their employment and are

4

receiving workers' compensation benefits, and it is a supplement to the workers' compensation program. *Id.* at *18. Although the fund is separate, it is administered by BWC as a part of Ohio's workers' compensation program.

Defendants also argue that section 1445(c) only applies to those case which involve an award of workers' compensation benefits, but defendants have not cited any case law for this proposition and the statutory language does not limit its application in this manner. Furthermore, the "statute's ban on removal has been given a fairly broad construction to achieve its legislative purpose." Wright, Miller & Cooper, Federal Practice and Procedure, Ch. 7, § 3729. The language of the statute broadly prohibits the removal of "civil action[s]. . . arising under" a state's workers' compensation laws. Since DWRF is a part of Ohio's workers' compensation laws and BWC asserts a statutory right to recover DWRF payments from S.C. Johnson, this civil action "arises under the workmen's compensation laws of" Ohio within the meaning of 28 U.S.C. § 1445(c).

Even if the Court were to find that BWC's claim arises solely from the guarantee, which it does not, the guarantee was executed in connection with the BWC's administration of Ohio's workers' compensation laws. It was to guarantee that Drackett and Drackett Co. met their obligation to reimburse BWC for DWRF payments it made to their former employees. Thus, the claim on the guarantee arises under Ohio's workers' compensation laws.

Because Ohio's workers' compensation law created plaintiff's cause of action the State of Ohio, Bureau of Workers' Compensation ("BWC") June 17, 2005 motion to remand (doc. 3) is GRANTED. This case is REMANDED to the Court of Common

5

Pleas for Franklin County, Ohio.

s/ Mark R.  Abel
United States Magistrate Judge
